ON MOTION FOR REHEARING
Leggett has filed a motion for rehearing of this court’s opinion in the above-styled case, filed June 2, 1989. The motion is denied.
Leggett alleges first that this court overlooked his arguments relating to the absence of findings by the trial judge to support his grant of the motion to videotape, as well as the lack of evidence that the child would suffer emotional harm if forced to testify before the defendant. These issues, while not specifically raised and rejected in the opinion, were considered by the court and found to be without merit.
Leggett next alleges that the court overlooked Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988), in which the use of videotaped testimony was reversed, in that the trial court failed to set forth a specific basis for its finding that emotional harm would result if the children were forced to testify at trial. As in this case, the trial judge had simply stated that its ruling was based on the testimony at the hearing. Jaggers at 329.
However, a close reading of Jaggers reveals that the court’s primary concern was not the nature of the trial court’s ruling, but with the quality of the testimony on which the ruling was based. The only testimony before the court was that of the children’s non-expert guardian ad litem, who stated only that it “would be in the children’s best interest to testify by way of videotape.” There was no “psychological or other testimony” regarding the children’s emotional ability to testify at trial. Jaggers at 329.
In this case, while the only testimony presented at the hearing was that of a single witness, that witness was a clinical social worker who had served as the child’s counselor for over a year at the time of her testimony. She stated that the child victim was terrified of facing the appellant herein, and that it would be emotionally damaging for him to do so. This affirmative testimony as to the negative effect of testifying was in turn based on the child’s conversations over time with the social worker, as well as her long-term professional evaluation of his school performance and home placement. The expert and professional nature of the testimony on which the court’s ruling was based distinguishes the instant case from Jaggers, and therefore we do not find that case controlling.
The motion for rehearing is denied.
ERVIN, J., and PEARSON, TILLMAN (Ret’d), Associate Judge, concur.